ZHU NAN CAI, Petitioner,

v.

**U.S. ATTORNEY GENERAL,**
**Respondent.**

No. 06–5262–ag.

United States Court of Appeals,
Second Circuit.

June 6, 2007.

**628**

Liu Yu, New York, NY, for Petitioner.

David E. Nahmias, United States Attorney; Sharon Stokes, Assistant United States Attorney, Atlanta, GA, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhu Nan Cai, a citizen of the People's Republic of China, seeks review of an October 31, 2006 order of the BIA affirming the June 10, 2005 decision of Immigration Judge ("IJ") George T. Chew denying Cai's applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zhunan Cai*, No. A 98 477 534 (B.I.A. Oct. 31, 2006), *aff'g* No. A 98 477 534 (Immig. Ct.

N.Y. City June 10, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. See *Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B).

Here, there is substantial evidence to support the IJ's determination that Cai failed to establish past persecution. Cai testified that he witnessed the events of June 4, 1989 when he went to Beijing on business, but did not actually participate in the student protests due to illness. He further testified that when he reported what he saw to his co-workers upon returning to his hometown, he was demoted, and the Chinese authorities investigated and detained him for several days and required him to attend re-education classes every June 4. While Cai claimed that his travel was also restricted, the IJ accurately noted that his passport indicated that he had traveled outside of China in 2002, and then returned. There was thus substantial evidence to support the IJ's conclusion that these incidents did not amount to persecution. *See Beskovic v. Gonzales,* 467 F.3d 223, 226 n. 3 (2d Cir. 2006) (clarifying that a valid past persecution claim can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse); *see also Poradisova v. Gonzales,* 420 F.3d 70, 79–80 (2d Cir.2005) (noting that, when assessing past persecution, the adjudicator must consider the cumulative effect of an applicant's experiences).

In light of the fact that Cai failed to establish that he had been subjected to past persecution, there was no presump-

tion that he would be subjected to future persecution in China. *See* 8 C.F.R. § 1208.13(b)(1). Moreover, although he contends in his brief to this Court that he has demonstrated a well-founded fear of future persecution on account of a protected ground, he does so only summarily, without pointing to anything in the record to support his claim. The record reflects that he testified only that he "[d]efinitely" would be persecuted because he participated in the June 4th Movement, and that he attended two events to commemorate the events of June 4th in the United States. These circumstances would not compel a reasonable adjudicator to find that Cai had established a well-founded fear of persecution if returned to China. 8 U.S.C. § 1252(b)(4)(B).

Because Cai was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and relief under the CAT, which shared the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal is DISMISSED as moot.